Raju v. Garland

BIA
Palmer, IJ
A216 589 122

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of April, two thousand twenty-four.

PRESENT:
> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> EUNICE C. LEE,
> *Circuit Judges.*

_____

MOHAMMAD RAJU,
> *Petitioner,*

v.                                                    **22-6031**
                                                      **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**  Khagendra Gharti-Chhetry, New York, NY.

**FOR RESPONDENT:**  Brian M. Boynton, Principal Deputy Assistant Attorney General; Mary Jane Candaux, Assistant Director; Duncan T. Fulton, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mohammad Raju, a native and citizen of Bangladesh, seeks review of a December 16, 2021 decision of the BIA affirming a December 4, 2019 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mohammad Raju*, No. A 216 589 122 (B.I.A. Dec. 16, 2021), *aff'g* No. A 216 589 122 (Immigr. Ct. N.Y.C. Dec. 4, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's decisions with respect to the adverse credibility determination. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review adverse credibility determinations "under the substantial evidence standard." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d

2

Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

The governing credibility standard provides as follows:

> Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions), and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor.

*Id*. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Here, Raju alleged that members of the Awami League ("AL") in Bangladesh assaulted him twice because of his involvement in the Liberal Democratic Party ("LDP"). We conclude that substantial evidence supports the agency's adverse credibility determination.

3

First, the agency reasonably relied on an inconsistency between Raju's application and testimony concerning whether he received medical records upon discharge from the hospital. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Raju stated in his affidavit that he brought medical records to the police station as proof of an assault by the AL members. However, he later testified that he did not receive medical records at the time he was treated, then when questioned about the discrepancy, stated that his father took the medical papers. When asked why he submitted medical summaries prepared years later rather than the original medical records, Raju replied, "I don't know." Certified Administrative R. ("CAR") at 156. The agency was not compelled to accept these explanations as they did not resolve the inconsistency or demonstrate what happened to the original medical records. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)); *see also Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985))).

4

Second, the agency reasonably relied on a discrepancy between Raju's statements and a corroborating affidavit. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Raju claimed that he went to report the AL members' assault along with his father and his witness Habibur Rahman, a villager who took him to the hospital after the assault. However, Rahman's affidavit does not confirm that he went to the police station with Raju and implies that he did not because he only "came to know" that Raju and his father had gone to the station. While an omission, particularly one from a third-party statement, is "less probative" than an inconsistency, Rahman's statement both omits the information and at least implies inconsistency. *Hong Fei Gao*, 891 F.3d at 78; *cf. id.* at 81 ("[W]here a third party's omission creates no inconsistency with an applicant's own statements—an applicant's failure to explain third-party omissions is less probative of credibility than an applicant's failure to explain his or her own omissions." (emphasis omitted)). Even viewed as an omission, it undermines Raju's credibility because it does not corroborate his version of events. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (holding that "[a]n applicant's failure to corroborate his or her testimony may bear on credibility").

Third, the IJ reasonably relied on the discrepancy between Raju's credible

5

fear interview and asylum application. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). As a preliminary matter, the IJ was permitted to rely on the record of the credible fear interview because it displays the "hallmarks of reliability." *Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009). In his application and testimony, Raju asserted that the police threatened to arrest him on false charges when he tried to report his attack by AL members. In contrast, at the interview, Raju did not allege any threats and, when asked what the police said when he made the report, he replied that "[t]hey just said we would see but did nothing." CAR at 365. The IJ reasonably relied on Raju's failure to specify at the interview that the police threatened him with arrest given that he was asked questions that should have elicited that fact, including why he did not think the authorities could protect him. *See Hong Fei Gao*, 891 F.3d at 79–80 ("[I]n assessing the probative value of the omission of certain facts, an IJ should consider whether those facts are ones that a credible petitioner would reasonably have been expected to disclose under the relevant circumstances.").

The adverse credibility determination was bolstered by the lack of reliable corroboration. *See Biao Yang*, 496 F.3d at 273 ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of

6

corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). As the IJ found, the family members and neighbor who wrote letters for Raju were not direct witnesses to his attacks and they were not available for cross-examination. *See Likai Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) (holding that "the IJ acted within her discretion in according . . . little weight" to letters from friends and family "because the declarants (particularly [petitioner's] wife) were interested parties and neither was available for cross-examination"). Additionally, the medical evidence presented was not contemporaneous with the alleged treatment, Rahman's letter was not wholly consistent with Raju's testimony, and a State Department report did not confirm that AL members have targeted LDP supporters for violent attacks.

Taken together, the inconsistencies and lack of reliable corroboration provide substantial support for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang*, 496 F.3d at 273; *see also Likai Gao*, 968 F.3d at 145 n.8 ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would preclude even more forcefully."). The adverse credibility determination is dispositive because asylum, withholding of removal, and CAT

relief are all based on the same factual predicate.   *See Hong Fei Gao*, 891 F.3d at 76.

For the foregoing reasons, the petition for review is DENIED.   All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court